IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
June 23, 2015 Session


## STATE OF TENNESSEE v. STEVEN TROY WILBURN

**Appeal from the Circuit Court for Sevier County**
**No. 18170-II     Richard R. Vance, Judge**

_____

**No. E2014-01866-CCA-R3-CD – Filed August 21, 2015**

_____

Defendant, Steven Roy Wilburn, appeals his conviction for DUI, pursuant to a certified question of law, arguing that the trial court erred in denying his motion to suppress because the arresting officer was not authorized to arrest Defendant outside of his municipal jurisdiction. Because the arresting officer was authorized to stop and arrest Defendant under Tennessee's arrest by a private person statute, the decision of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and ROBERT H. MONTGOMERY, JR., JJ., joined.

Travis D. McCarter, Sevierville, Tennessee, for the appellant, Steven Troy Wilburn.

Herbert H. Slatery III, Attorney General and Reporter; Ahmed A. Safeeullah, Assistant Attorney General; James Dunn, District Attorney General; and Greg Eshbaugh, Assistant District Attorney General, for the appellee, State of Tennessee.


## OPINION

This is a certified question of law reserving for review the trial court's denial of Defendant's motion to suppress evidence based on the traffic stop of Defendant as he travelled from one municipality to another.

*Factual and Procedural Background*

On March 4, 2013, a Sevier County grand jury indicted Defendant for driving under the influence of an intoxicant ("DUI"), driving with a blood alcohol concentration over .08% ("DUI per se"), and failure to maintain his lane of traffic. On May 15, 2014, Defendant filed a motion to suppress the evidence obtained from the traffic stop that led to those charges.

At the suppression hearing, Pigeon Forge Police Officer Jeremy Croce testified that on the evening of September 2, 2012, he was in Pigeon Forge driving on Veterans Boulevard toward Sevierville. He saw Defendant's vehicle "swerve outside his lane going from the middle to the right." Officer Croce began following the vehicle, which then changed lanes into the right lane. During the change, Defendant "drove up on the concrete part that separates the asphalt to the sidewalk, a little."

Officer Croce followed Defendant into the Sevierville city limits, and Defendant "came out of his lane again right after Center View, and he almost hit the sidewalk." Defendant again veered out of his lane and almost hit the sidewalk before weaving from the right lane into the center lane. Officer Croce then initiated a traffic stop. All of these events were recorded by the video camera in Officer Croce's police car. The recording was entered into evidence and published to the trial judge.

Officer Croce explained that he continued to follow Defendant into Sevierville rather than initiating a traffic stop within Pigeon Forge because Officer Croce wanted to give him "the benefit of the doubt." Additionally, Officer Croce did not believe that there was an adequate place for Defendant to pull over until after they entered Sevierville. Officer Croce denied that Defendant's driving could be described as entailing "jerking or sharp movements."

After Defendant stopped his vehicle, Officer Croce approached and observed that Defendant's eyes were bloodshot and watery. Defendant's "reactions were slowed" as if in a "stupor." Officer Croce smelled alcohol on Defendant's breath. Officer Croce called for additional police support and then asked Defendant to exit the vehicle for field sobriety testing. Defendant refused to exit his vehicle. Officer Croce began informing Defendant of his *Miranda* rights, but Defendant interrupted him.

Officer Croce arrested Defendant for DUI and transported him to the Pigeon Forge Police Department. At the police station, Officer Croce again requested Defendant to perform field sobriety tests. Defendant did so, and his performance confirmed Officer Croce's belief that Defendant was impaired. Officer Croce advised Defendant of Tennessee's implied consent law, and Defendant agreed to blow into a breath test instrument.

Officer Croce believed that he was acting as a Pigeon Forge police officer when he stopped and arrested Defendant. However, Officer Croce admitted that he never contacted Sevierville law enforcement regarding his traffic stop of Defendant and had not been given authority to act as a police officer within Sevierville. Officer Croce did not know how far he was within the Sevierville city limits when he initiated the traffic stop.

The trial court denied the motion to suppress, and Defendant pled guilty to DUI, reserving a certified question of law. The State dismissed the remaining charges.

*Analysis*

This case presents the following certified question of law:

Whether the Pigeon Forge police officer responsible for initiating the traffic stop of the Defendant inside the Sevierville city limits was outside of his jurisdiction and thus not within his authority to make the stop, and if so found, whether any and all evidence seized pursuant to the traffic stop should be suppressed in this matter.

The question is properly before this Court.

In reviewing a trial court's ruling on a motion to suppress, this Court will uphold the trial court's findings of fact "unless the evidence preponderates otherwise." *State v. Bell*, 429 S.W.3d 524, 528 (Tenn. 2014) (citing *State v. Climer*, 400 S.W.3d 537, 556 (Tenn. 2013)). Witness credibility, the weight and value of the proof, and the resolution of conflicts in the proof "are matters entrusted to the trial court as the trier of fact." *Id.* at 529. "The party prevailing in the trial court is entitled to the strongest legitimate view of the evidence adduced at the suppression hearing as well as all reasonable and legitimate inferences that may be drawn from that evidence." *State v. Binette*, 33 S.W.3d 215, 217 (Tenn. 2000) (quoting *State v. Odom*, 928 S.W.2d 18, 23 (Tenn. 1996)). The trial court's resolution of questions of law and application of the law to the facts are reviewed de novo with no presumption of correctness. *State v. Day*, 263 S.W.3d 891, 900 (Tenn. 2008).

Both the Fourth Amendment to the United States Constitution and article I, section 7 of the Tennessee Constitution guarantee the right to be free from unreasonable searches and seizures. Tennessee's constitutional protections regarding searches and seizures are identical in intent and purpose to those in the federal constitution. *State v. Turner*, 297 S.W.3d 155, 165 (Tenn. 2009). "[A] warrantless search or seizure is presumed unreasonable, and evidence discovered as a result thereof is subject to suppression unless the State demonstrates that the search or seizure was conducted pursuant to one of the narrowly defined exceptions to the warrant requirement." *State v. Yeargan*, 958 S.W.2d

626, 629 (Tenn. 1997). The burden is on the State to prove that a warrantless seizure was constitutionally permissible. *State v. Nicholson*, 188 S.W.3d 649, 656-57 (Tenn. 2006); *Henning*, 975 S.W.2d at 298.

Generally, municipal police authority does not extend into the limits of another municipality. *See* T.C.A. § 6-54-301. However, a police officer may still effect an arrest outside of his municipal jurisdiction to the same extent that a private citizen is authorized to do so by law. *State v. Johnson*, 661 S.W.2d 854, 859 (Tenn. 1983). Tennessee Code Annotated section 40-7-109(a) authorizes a private citizen to arrest another individual in three circumstances:

> (1) For a public offense committed in the arresting person's presence;
>
> (2) When the person arrested has committed a felony, although not in the arresting person's presence; or
>
> (3) When a felony has been committed, and the arresting person has reasonable cause to believe that the person arrested committed the felony.

A "public offense" includes misdemeanors and is not limited to felonies. *State v. Martinez*, 372 S.W.3d 598, 611 (Tenn. Crim. App. 2011) (citing *State v. Horace Durham*, No. 01C01-9503-CC-00056, 1995 WL 678811 (Tenn. Crim. App. Nov. 16, 1995)).

In this case, Officer Croce observed Defendant violate Tennessee Code Annotated section 55-8-123 twice in Pigeon Forge and three times in Sevierville. Section 55-8-123 provides:

> Whenever any roadway has been divided into two (2) or more clearly marked lanes for traffic . . . [a] vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from that lane until the driver has first ascertained that the movement can be made with safety . . . .

As a private citizen, Officer Croce was authorized to stop and arrest Defendant for these traffic violations. *See Martinez*, 372 S.W.3d at 611 (holding that an extrajurisdictional traffic stop for speeding, which led to an arrest for heroin trafficking, was lawful); *State v. Andrew John Bellamy*, No. E2003-02728-CCA-R3-CD, 2004 WL 2358099, at *4 (Tenn. Crim. App. Oct. 20, 2004) (holding that an extrajurisdictional traffic stop for speeding and driving on a revoked license, which led to an arrest for DUI, was lawful), *perm. app. denied* (Tenn. Mar. 7, 2005); *State v. Donnie Alfred Johnson*, No.02C01-9707-CC-00261, 1998 WL 464898, at *2 (Tenn. Crim. App. Aug. 11, 1998) (holding that

an extrajurisdictional traffic stop for speeding, which led to an arrest for DUI, was lawful).

Officer Croce was also authorized, as a private citizen, to arrest Defendant for DUI. *See Horace Durham*, 1995 WL 678811, at \*2 (holding that an extrajurisdictional private arrest for DUI was lawful). He saw Defendant's vehicle stray considerably from its lane of travel five times and later observed that Defendant's eyes were bloodshot and watery, that Defendant's physical reactions were noticeably torpid, and that Defendant smelled of alcohol. At this point, Officer Croce had ample probable cause to believe that Defendant had been driving under the influence while Officer Croce had observed Defendant in Pigeon Forge. Thus, Officer Croce was authorized to arrest Defendant in Sevierville. Officer Croce's subjective belief that he was acting as a police officer in Sevierville rather than as a private citizen is immaterial. *Martinez*, 372 S.W.3d at 611 (citing *Horace Durham*, 1995 WL 678811, at \*2).

## *Conclusion*

For the foregoing reasons, Defendant's stop and arrest were lawful and the trial court properly denied his motion to suppress. Therefore, the trial court's decision is affirmed.

_____
TIMOTHY L. EASTER, JUDGE